IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COSETTE TO and SHEREE EMMANUEL, <br><br> Plaintiffs, <br><br> v. <br><br> CHUKS OKWUJE, MASTER AND COMMANDER CONSTRUCTION MANAGEMENT CORP., ADE ONAYEMI, and URBAN RESOURCE, INC., <br><br> Defendants. | ) ) ) ) ) No. ) ) ) ) ) ) ) ) |

## COMPLAINT

NOW COMES Plaintiffs Cosette To and Sheree Emmanuel ("Plaintiffs"), by and through their attorneys, Illinois Advocates, LLC, for their Complaint against Defendants, Chuks Okwuje, Master and Commander Construction Management Corp., Ade Onayemi, and Urban Resource, Inc., and states:

### Parties, Jurisdiction and Venue

1. Plaintiffs are individuals residing at all relevant times in Cook County, Illinois.
2. Chuks Okwuje was at all relevant times and currently is the President, Secretary, and Registered Agent of Master and Commander Construction Management Corp. ("MCCM").
3. MCCM is a corporation listed on the Secretary of State's Website as in "Not Good Standing". MCCM operated at all relevant times in Cook County, Illinois.
4. Urban Resource, Inc. ("Urban Resource") is a corporation operating at all relevant times in Cook County, Illinois.
5. Chuks Okwuje is the "associate architect" for Urban Resource.
6. Ade Onayemi is the "Principal Architect" of Urban Resource. Ade Onayemi is also the President and the Secretary of Urban Resource.
7. Urban Resource is an architecture firm, which at all relevant times maintained its

principal place of business at 706 N. Taylor Street, Oak Park, IL 60302.

8. All acts complained of herein occurred and arose in Cook County, Illinois.

**General Allegations**

9. Plaintiff, Cosette To ("Ms. To"), executed an employment contract ("Ms. To's Contract") with MCCM on October 26, 2017. This contract is attached hereto as Exhibit A.

10. Ms. To's Contract specified that Ms. To would be paid $38,000.00 per year payable per the "standard payroll schedule", beginning October 31, 2017.

11. Ms. To was employed with MCCM from October 31, 2017 to February 23, 2018.

12. During this time, Ms. To earned $10,800.61. However, Ms. To was only paid $4,470.00.

13. Plaintiff, Sheree Emmanuel ("Ms. Emmanuel") executed an employment contract ("Ms. Emmanuel's contract") on October 4, 2017 through MCCM. This contract is attached hereto as Exhibit B.

14. Ms. Emmanuel's contract specified that Ms. Emmanuel would be paid $34,543.00 per year payable per the "standard payroll schedule", beginning October 31, 2017.

15. Ms. Emmanuel was employed with MCCM from October 23, 2017 to March 12, 2018.

16. During her employment with MCCM, Ms. Emmanuel *earned* $10,947.59. However, Ms. Emmanuel was only paid $7,167.74. Furthermore, $2,524.00 of the $7,167.74 that Ms. Emmanuel was paid was not given to her until June 2018- November 2018.

17. Various MCCM checks to the Plaintiffs bounced, causing both Ms. To and Ms. Emmanuel to incur several bank fees, such as returned check fee, non-sufficient funds fee, and return payment fees.

18. Plaintiffs were never reimbursed or otherwise compensated for these fees they incurred.

19. Plaintiffs have requested their unpaid compensation from the Defendants numerous times. However, they have yet to receive any payment.

20. There were multiple emails back and forth between the Plaintiffs and Chuks Okwuje in which the Plaintiffs requested their unpaid compensation.

21. Chuks Okwuje interviewed and hired both Ms. To and Ms. Emmanuel through MCCM as the President, Secretary, and Registered Agent of the company.

22. Chuks Okwuje signed each of the Plaintiffs' offer letters.

23. Chuks Okwuje directed the daily tasks of the Plaintiffs.
24. Chuks Okwuje wrote each of the Plaintiffs' checks through MCCM.
25. Chuks Okwuje directed that the Plaintiffs' work be used directly for the benefit of MCCM and Urban Resource.
26. The Plaintiffs drafted multiple drawings on various projects for separate clients for MCCM and Urban Resource.
27. Upon information and belief, during the Plaintiffs employment with MCCM, Chuks Okwuje was not a licensed architect in the state of Illinois. However, Ade Onayemi was a licensed architect in the state of Illinois during this time.
28. Ade Onayemi placed his architectural stamp on various projects prepared by the Plaintiffs thus using the Plaintiffs' work for the benefit of himself and Urban Resource.
29. Furthermore, drawings prepared by the Plaintiffs listed the "Architect of Record" as Urban Resource Inc. with their address listed as well.
30. Some of these drawings listed the "Associate Architect" as MCCM.
31. Both Ade Onayemi and Urban Resource utilized the Plaintiffs' work to serve their paying clients.

## Count I

### *To v. All Defendants*

### *Violation of the Fair Labor Standards Act (FLSA)*

32. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
33. The Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 206(b) protects employees' rights to be timely paid for their work, and requires that every employer must pay each of their employees who engages in commerce or the production of goods.
34. According to the FLSA, as of 2009, minimum wage is $7.25 per hour. 29 U.S. Code § 206(a)(1).
35. Ms. To was not paid from December 29, 2017 until February 23, 2018. During this time, she worked a total of 284.5 hours.
36. Furthermore, the FLSA provides that any employer who violates 29 U.S. Code 206(b), shall be liable to the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, plus liquidated damages in an amount equal to the unpaid wages.

37. Each of the Defendants named herein is an "employer" as defined under the FLSA and is liable as such for any liability hereunder.
38. Additionally, the FLSA provides that an employee who prevails in a suit under the FLSA is entitled to attorneys' fees and costs of suit. 29 U.S.C § 216(b).

WHEREFORE, Ms. To respectfully request that this Honorable Court enter judgment in her favor and against all Defendants named herein, jointly and severally, for $1,939.38 for unpaid minimum wages, plus an additional $2,062.63 in liquidated damages, and Ms. To's court costs and reasonable attorneys fees pursuant to the FLSA.

## Count II

### *Emmanuel v. All Defendants*

#### *Violation of the Fair Labor Standards Act (FLSA)*

39. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
40. Ms. Emmanuel was not paid from December 29, 2017 until March 10, 2018. During this time, she worked a total of 333 hours.
41. Each of the Defendants named herein is an "employer" as defined under the FLSA and is liable as such for any liability hereunder.
42. Additionally, the FLSA provides that an employee who prevails in a suit under the FLSA is entitled to attorneys' fees and costs of suit. 29 U.S.C § 216(b).

WHEREFORE, Ms. Emmanuel respectfully request that this Honorable Court enter judgment in her favor and against all Defendants named herein, jointly and severally, for $2,414.25 for unpaid minimum wages, plus an additional $2,414.25 in liquidated damages, and Ms. Emmanuel's court costs and reasonable attorneys fees pursuant to the FLSA.

## Count III

### *To v. All Defendants*

#### *Violation of the Illinois Wage Payment and Collection Act*

43. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
44. The Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/3 requires that all wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned.
45. Additionally, Section 5 of the IWPCA requires that an employer pay the final

compensation of separated employees in full at the time of separation if possible, but in no case later than the next regularly scheduled payday for such employee.

46. Defendants are in violation of the Illinois Wage Payment and Collection Act.
47. At the time that Ms. To left MCCM, Defendants owed Ms. To a total of $6,330.31 in unpaid wages.
48. The IWPCA provides that in a successful action by an employee to enforce his or her rights under the Act, he or she may recover, in addition to the pay due, statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 115/14(a).
49. As of December 27, 2018, statutory damages in the amount of $6,410.56 have accrued pursuant to this provision of the IWPCA for Ms. To. Further statutory damages continue to accrue.
50. Additionally, the IWPCA provides that an employee who prevails in a suit under the IWPCA is entitled to attorneys' fees and costs of suit. 820 ILCS 115/14(a).
51. Each of the Defendants are an "employer" as defined under the IWPCA and each Defendant is liable as such for any liability hereunder.
52. Each of the Defendants exercised discretion and control over the Plaintiffs' work. In fact, the Plaintiffs' work was used by Chuks Okwuje and Ade Onayemi for Urban Resource. The defendants each knowingly violated the IWPCA as alleged herein. These defendants are jointly and severally liable with Urban Resource for the violations of the IWPCA alleged herein. 820 ILCS 115/13.

WHEREFORE, Ms. To respectfully request that this Honorable Court enter judgment in her favor and against all Defendants named herein, jointly and severally, for $6,410.56, plus further statutory damages accruing through the date of judgment and thereafter for so long as the debt remains unpaid, plus Ms. To's court costs and reasonable attorneys' fees.

### Count IV

### *Emmanuel v. All Defendants*

*Violation of the Illinois Wage Payment and Collection Act*

53. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
54. Defendants are in violation of the Illinois Wage Payment and Collection Act.

55. At the time that Ms. Emmanuel left MCCM, Defendants owed Ms. Emmanuel a total of $6,231.85. After Chuks Okwuje placed a payment schedule between himself and Ms. Emmanuel, which failed, Ms. Emmanuel is still owed $3,707.85 in unpaid wages.

56. As of December 27, 2018, statutory damages in the amount of $6,375.47 have accrued pursuant to this provision of the IWPCA for Ms. Emmanuel. Further statutory damages continue to accrue.

57. Each of the Defendants are an "employer" as defined under the IWPCA and each Defendant is liable as such for any liability hereunder.

58. Each of the Defendants exercised discretion and control over the Plaintiffs' work. In fact, the Plaintiffs' work was used by Chuks Okwuje and Ade Onayemi for Urban Resource. The defendants each knowingly violated the IWPCA as alleged herein. These defendants are jointly and severally liable with Urban Resource for the violations of the IWPCA alleged herein. 820 ILCS 115/13.

WHEREFORE, Ms. Emmanuel respectfully request that this Honorable Court enter judgment in her favor and against all Defendants named herein, jointly and severally, for $6,375.47, plus further statutory damages accruing through the date of judgment and thereafter for so long as the debt remains unpaid, plus Ms. Emmanuel's court costs and reasonable attorneys' fees.

### Count V

### *To v. All Defendants*

*Violation of the Chicago Minimum Wage Ordinance*

59. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.

60. The Chicago Minimum Wage Ordinance, § 1-24-020, provides the following:

> *Except as provided in Sections 2-92-610 and 1-24-030 of this Code, every Employer shall pay no less than the following Wages to each Covered Employee for each hour of work performed for that Employer while physically present within the geographic boundaries of the City:*
>
> *C. Beginning on July 1, 2017, the greater of: (1) the minimum hourly Wage set by the Minimum Wage Law; (2) the minimum hourly Wage set by the Fair Labor Standards Act; or (3) $11.00 per hour.*
>
> *D. Beginning on July 1, 2018, the greater of: (1) the minimum hourly Wage set by Minimum Wage Law; (2) the minimum hourly Wage set by the Fair Labor*

*Standards Act; or (3) $12.00 per hour.*

61. Ms. To was not paid the minimum hourly wage set by the Minimum Wage Law, the minimum hourly wage set by the FLSA, or $11.00 per hour in 2017 and $12.00 per hour in 2018.
62. Ms. To was not paid from December 29, 2017 until February 23, 2018. During this time, she worked a total of 284.5 hours.
63. In 2017, Ms. To should have at least been paid the minimum wage of $11 per hour for her 17 hours worked.
64. In 2018, Ms. To should have been paid the minimum wage of $12 per hour for her 267.5 hours worked.
65. Each of the defendants named herein are an "employer" as defined and is liable as such for any liability hereunder.
66. Ms. To should have been paid the minimum wage for her 284.5 hours worked.

WHEREFORE, for this violation, Ms. To respectfully requests this Court to enter judgement in her favor in the amount of $3,397.00.

## Count VI

### *Emmanuel v. All Defendants*

*Violation of the Chicago Minimum Wage Ordinance*

67. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
68. Ms. Emmanuel was not paid the minimum hourly wage set by the Minimum Wage Law, the minimum hourly wage set by the FLSA, or $11.00 per hour in 2017 and $12.00 per hour in 2018.
69. Ms. Emmanuel was not paid from December 29, 2017 until March 10, 2018. During this time, she worked a total of 333 hours.
70. In 2017, Ms. Emmanuel should have at least been paid the minimum wage of $11 per hour for her 23.5 hours worked.
71. In 2018, Ms. Emmanuel should have at least been paid the minimum wage of $12 per hour for her 309.5 hours worked.
72. Each of the defendants named herein are an "employer" as defined and is liable as such for any liability hereunder.
73. Ms. Emmanuel should have been paid the minimum wage for her 333 hours worked.

WHEREFORE, for this violation, Ms. Emmanuel respectfully requests this Court to enter judgement in her favor in the amount of $3,772.50.

### Count VII
### *To v. All Defendants*
### *Breach of Contract*

74. Allegations stated supra are hereby re-alleged as if fully set forth herein.
75. A contract existed between Ms. To and the Defendants wherein Ms. To performed as an intern architect. In return for Ms. To's work, Defendants' promised to compensate her for the agreed upon rates.
76. Ms. To performed all of her obligations under her contract.
77. Defendants failed to perform their obligations under the contract in that they failed to compensate Ms. To for wages due and represented by the employment contract attached hereto as Exhibit A.
78. As a result of said breaches of Defendants' breach of its contract with Ms. To, Ms. To suffered damages in the amount of $6,330.31.

WHEREFORE, for this breach of contract, Ms. To respectfully requests this Court to enter judgement in her favor in the amount of $6,330.31.

### Count VIII
### *Emmanuel v. All Defendants*
### *Breach of Contract*

79. Allegations stated supra are hereby re-alleged as if fully set forth herein.
80. A contract existed between Ms. Emmanuel and the Defendants wherein Ms. Emmanuel performed as an intern architect. In return for Ms. Emmanuel's work, Defendants' promised to compensate her for the agreed upon rates.
81. Ms. Emmanuel performed all of her obligations under her contract.
82. Defendants failed to perform their obligations under the contract in that they failed to compensate Ms. Emmanuel for wages due and represented by the employment contract attached hereto as Exhibit B.
83. As a result of said breaches of Defendants' breach of its contract with Ms. Emmanuel, Ms. Emmanuel suffered damages in the amount of $3,707.85.

WHEREFORE, for this breach of contract, Ms. Emmanuel respectfully requests this Court to enter judgement in her favor in the amount of $3,707.85.

### Count IX

*To v. Chuks Okwuje and Master and Commander Construction Management, Corp.*

*Passing a Bad Check - Deceptive Practices in Violation of 720 ILCS 5/17-1(B)*

84. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.

85. 720 ILCS 5/17-1(B) states:

> A person commits a deceptive practice when:
>
> (1) With intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. The trier of fact may infer that the defendant knows that the check or other order will not be paid by the depository and that the defendant has acted with intent to defraud when the defendant fails to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart. In this paragraph (B)(1), "property" includes rental property (real or personal).
>
> (2) He or she issues or delivers a check or other order upon a real or fictitious depository in an amount exceeding $150 in payment of an amount owed on any credit transaction for property, labor or services, or in payment of the entire amount owed on any credit transaction for property, labor or services, knowing that it will not be paid by the depository, and thereafter fails to provide funds or credit with the depository in the face amount of the check or order within 7 days of receiving actual notice from the depository or payee of the dishonor of the check or order. "a person commits a deceptive practice when: (1) with intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository."

86. 720 ILCS 5/17-1(E) provides:

> (E) Civil liability. A person who issues a check or order to a payee in violation of paragraph (B)(1) and who fails to pay the amount of the check

or order to the payee within 30 days following either delivery and acceptance by the addressee of a written demand both by certified mail and by first class mail to the person's last known address or attempted delivery of a written demand sent both by certified mail and by first class mail to the person's last known address and the demand by certified mail is returned to the sender with a notation that delivery was refused or unclaimed shall be liable to the payee or a person subrogated to the rights of the payee for, in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $1,500, plus attorney's fees and court costs. An action under this subsection (E) may be brought in small claims court or in any other appropriate court. As part of the written demand required by this subsection (E), the plaintiff shall provide written notice to the defendant of the fact that prior to the hearing of any action under this subsection (E), the defendant may tender to the plaintiff and the plaintiff shall accept, as satisfaction of the claim, an amount of money equal to the sum of the amount of the check and the incurred court costs, including the cost of service of process, and attorney's fees.

87. The Defendants violated 720 ILCS 5/17-1(B)(1) when they issued Ms. To a check that was returned. Attached as Exhibit C is a copy Ms. To's check that was returned.
88. On December 31, 2017, Chuks Okwuje wrote check number 1058 to Ms. To. Ms. To was told to wait to deposit this check until it was "allowed" by Chuks Okwuje. With instruction, it was deposited into Ms. To's account on February 2, 2018. However, on February 8, 2018, it was returned.
89. The amount of that check was $634.00.
90. Ms. To made a demand in the manner required by 720 ILCS 5/17-1(E) as to the check in Exhibit C.
91. Despite said demand, Defendants have heretofore failed to tender payment of the amounts due. Defendants have been given the requisite 30 days to do so.
92. Ms. To is therefore entitled to treble damages for this violation or $1,500, whichever is less.
93. As a result of its violations of 720 ILCS 5/17-1(B), Ms. To is entitled to $1,500.00 in damages plus attorneys' fees and court costs pursuant to 720 ILCS 5/17-1(E).

WHEREFORE, Ms. To respectfully request that this Honorable Court enter judgment in her favor and against Defendants, for $1,500.00 plus attorneys' fees and court costs.

## Count X

***Emmanuel v. Chuks Okwuje and Master and Commander Construction Management, Corp.***

*Passing a Bad Check -Deceptive Practices in Violation of 720 ILCS 5/17-1(B)*

94. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.

95. The Defendants violated 720 ILCS 5/17-1(B)(1) each and every time they issued Ms. Emmanuel a check that was returned. Attached as Exhibit D is a copy of one of the checks returned to Ms. Emmanuel

96. On November 13, 2017, check number 1120 for $1,151.43 was deposited into Ms. Emmanuel's account. It was later returned. It attempted to deposit again on November 17, 2017. However, it was returned again.

97. Ms. Emmanuel made a demand in the manner required by 720 ILCS 5/17-1(E) as to each and every check in Exhibit D.

98. Despite said demand, Defendants have heretofore failed to tender payment of the amounts due. Defendants have been given the requisite 30 days to do so.

99. Ms. Emmanuel is therefore entitled to treble damages for this violation or $1,500, whichever is less.

100. As a result of its violations of 720 ILCS 5/17-1(B), Ms. Emmanuel is also entitled to damages plus attorneys' fees and court costs pursuant to 720 ILCS 5/17-1(E).

WHEREFORE, Ms. Emmanuel respectfully request that this Honorable Court enter judgment in her favor and against Defendants, for $1,500.00 plus attorneys' fees and court costs.

### Count XI

***Emmanuel v. Chuks Okwuje and Master and Commander Consturction Management, Corp.***

*Passing a Bad Check -Deceptive Practices in Violation of 720 ILCS 5/17-1(B)*

101. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.

102. The Defendants violated 720 ILCS 5/17-1(B)(1) each and every time they issued Ms. Emmanuel a check that was returned. Attached as Exhibit E is one of the checks that was returned to Ms. Emmanuel.

103. On December 5, 2017, check number 1028 for $1,186.43 was deposited into Ms. Emmanuel's account. It was later returned.

104. Ms. Emmanuel made a demand in the manner required by 720 ILCS 5/17-1(E) as to each and every check in Exhibit E.

105. Despite said demand, Defendants have heretofore failed to tender payment of the amounts due. Defendants have been given the requisite 30 days to do so.

106. Ms. Emmanuel is therefore entitled to treble damages for this violation or $1,500, whichever is less.

107. As a result of its violations of 720 ILCS 5/17-1(B), Ms. Emmanuel is also entitled to damages plus attorneys' fees and court costs pursuant to 720 ILCS 5/17-1(E).

WHEREFORE, Ms. Emmanuel respectfully request that this Honorable Court enter judgment in her favor and against Defendants, for $1,500.00 plus attorneys' fees and court costs.

## Prayer for Relief For Cosette To and Sheree Emmanuel

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff, Cosette To and Sherree Emmanuel, and against all defendants, jointly and severally, as follows:

108. On Count I, for $12,660.62 plus Ms. To's court costs and reasonable attorneys' fees pursuant to Section 216 of the FLSA;

109. On Count III, $7,415.70 plus Ms. Emmanuel's court costs and reasonable attorneys' fees pursuant to section 216 of the FLSA;

110. On Count III, $6,410.56, plus further statutory damages accruing through the date of judgment and thereafter for so long as the debt remains unpaid, plus Ms. To's court costs and reasonable attorneys' fees;

111. On Count IV, $6,375.47, plus further statutory damages accruing through the date of judgment and thereafter for so long as the debt remains unpaid, plus Ms. Emmanuel's court costs and reasonable attorneys' fees;

112. On Count V, for $3,569.50 pursuant to § 1-24-020 of the Chicago Minimum Wage Ordinance;

113. On Count VI, for $4,103.00 pursuant to § 1-24-020 of the Chicago Minimum Wage Ordinance;

114. For Count VII, $6,330.31;

115. For Count VIII, $3,707.85;

116. For Count IX, $1,500.00 plus attorneys' fees and court costs.

117. For Count X, $1,500.00 plus attorneys' fees and court costs.

118. For count XI, $1,500.00 plus attorneys' fees and court costs.

Matthew Carpenter – Atty. No.6289182
Toni Conrad – Atty. No. 6320468
ILLINOIS ADVOCATES, LLC
77 W. Washington St., Ste 2120
Chicago, IL 60602
Ph. 312.818.6700
Fx. 312.492.4804
mcarpenter@iladvocates.com
tconrad@iladvocates.com
info@iladvocates.com

Respectfully Submitted,

By: /s/ Matthew Carpenter
Attorney for Plaintiffs